**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

PEDRO V.L.,

Petitioner,

v.

WARDEN, et al.,

Respondents.

No. 1:26-cv-05261-JLT-EGC (HC)

A-Number: 074-056-699

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER, AND DIRECTING CLERK OF COURT TO CLOSE CASE

(Docs. 1, 8)

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On August 12, 2026, the magistrate judge issued findings and recommendations that the petition for writ of habeas corpus be granted and Respondents be directed to immediately release Petitioner. (Doc. 8.) Respondents filed untimely objections, which the Court has considered. (Doc. 10.)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes the findings and recommendations are supported by the record and proper analysis. In their objections, Respondents incorporate their prior arguments and then specifically object that the magistrate judge concluded Petitioner's criminal history is not relevant to the lawfulness of Petitioner's

detention. (Doc. 10 at 1.) Respondents are correct that a noncitizen on post-removal-order supervision can be re-detained for an additional six months if they violate the conditions of their supervision. (*Id*. at 1–2 (citing 8 C.F.R. § 241.13(i)(1).) But Petitioner was re-detained on January 13, 2026, (Doc. 7-1, ¶ 9), more than eight months ago. Thus, his criminal history does not automatically justify his present detention.

In addition, Respondents object to the finding that they are unlikely to be able to remove Petitioner to Mexico, arguing generally that third country removals are permissible and thus that Respondents do not need to show likely removal to a country listed in the removal order. (Doc. 10 at 2–3.) Respondents, however, are attempting to remove Petitioner to Mexico. As this Court and other judges in this District have pointed out, though DHS may have an informal arrangement with the Mexican government to allow third country removals to Mexico, Mexico only accepts individuals who consent to be removed there. *See Cruz v. Warden of the Golden State Annex Detention Facility*, Doc. 15 at *3. No. 1:26-cv-05760 JLT EPG (HC)(citing *Ruiz-Acosta v. Cent. Valley Annex*, No. 1:26-CV-04371-DAD-JDP (HC), 2026 WL 1846727, at *3 (E.D. Cal. June 26, 2026)); *see also Garcia Lopez v. Warden, California City*, No. 1:26-CV-05318-DJC-AC, 2026 WL 2323196, at *3 (E.D. Cal. Aug. 11, 2026); *id*. at *2 n. 1 (collecting cases). The record is devoid of any evidence suggesting Mexico will accept Petitioner in the absence of his consent, and Petitioner's repeated refusal to cooperate with his removal to Mexico evidences his non-consent. Therefore, even assuming the traditional burden shifting framework from *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001), applies, the facts here satisfy Petitioner's burden to show there is good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, and Respondents fail to rebut that showing. Though the Court has concerns about Petitioner's criminal history, under these circumstances, binding Ninth Circuit authority directs that Petitioner be released subject to appropriate conditions. *See Tuan Thai v. Ashcroft*, 366 F.3d 790, 797 (9th Cir. 2004).[1]

---

[1] Respondents protest that releasing petitioner "will only further encourage and incentivize other aliens to not cooperate in the lawful execution of their removal orders." (Doc. 10 at 3.) The collateral consequences of the nature of DHS's arrangement with Mexico are beyond the scope of this case. *Zadvydas* and/or applicable regulations require this Court to examine whether removal in the reasonably foreseeable future is likely. It is not, so Petitioner must be released.

Thus, the Court **ORDERS**:

1. The findings and recommendations issued on August 12, 2026 (Doc. 8) are **ADOPTED IN FULL**.
2. The petition for writ of habeas corpus is **GRANTED**.
3. Respondents **SHALL** immediately release Petitioner from their custody under appropriate conditions.
4. Respondents are **ENJOINED AND RESTRAINED** from re-detaining Petitioner pursuant to 8 C.F.R. § 241.13(i)(2) unless there are material changed circumstances and a neutral decisionmaker determines that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future.[2]
5. The Clerk of Court is directed to serve the California City Detention Center with a copy of this Order.
6. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: September 3, 2026

UNITED STATES DISTRICT JUDGE

[2] This does not preclude Respondents from re-detaining Petitioner for an additional six months pursuant to 8 U.S.C. § 241.13(i)(1) should Petitioner once again violate the terms of his release.